IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN P. LAFRANCHISE,

*Plaintiff*,

v.

Civil Action No. ELH-14-3720

WAL-MART STORES, INC.,

*Defendant*.

## MEMORANDUM

This case was initiated in the Circuit Court for Anne Arundel County with the filing of a complaint by plaintiff, John Lafranchise, against Wal-Mart Stores, Inc. ("Wal-Mart"), defendant. ECF 2.  Defendant removed the case to federal court (ECF 1), alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Plaintiff is a former employee of Sam's East, Inc. ("Sam's"), a wholly owned subsidiary of Wal-Mart Stores, Inc. [1]  The suit is rooted in plaintiff's claim that defendant wrongfully refused to deliver to plaintiff shares of Wal-Mart stock under a Stock Incentive Plan in which plaintiff was a participant during his employment with Sam's.  Based on claims of breach of contract, detinue, conversion, and constructive trust, the complaint contains a demand for money judgment in the amount of $132,981.64, plus a request for attorney's fees, prejudgment interest, and costs.

---

[1] In ECF 12 at 1 n.1, defendant asserts:  "Wal-Mart Stores, Inc. is erroneously named as the Defendant in this case.  The entity that employs Plaintiff and, thus, the correct Defendant in this matter, is Sam's East, Inc."  In ECF 15, plaintiff's opposition to defendant's motion to dismiss, plaintiff asserts:  "For the purposes of this memorandum, Plaintiff will refer to Wal-Mart Stores, Inc. and Sam's East, Inc. as 'Defendant.'"  ECF 15 at 1 n.1.

Defendant has filed a motion to dismiss plaintiff's complaint (ECF 12), supported by a Memorandum of Law (ECF 12-1) (collectively "the Motion"), as well as several exhibits. *See* ECF 12-2 – 12-4. Plaintiff opposes the Motion (ECF 15), and defendant has replied. ECF 16.

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons set forth herein, the Motion shall be DENIED.

## I.  Factual Summary[2]

Plaintiff is a licensed pharmacist in Maryland. ECF 2, ¶ 4. He began working for Wal-Mart in 2001, as a Pharmacy Manager. *Id.* ¶ 5. Lafranchise was subsequently promoted to District Manager. *Id.* ¶ 6. In September 2011, plaintiff was terminated from employment. *Id.* ¶ 14.

According to plaintiff, as part of his compensation, he was a participant in Wal-Mart's Stock Incentive Plan. *Id.* ¶ 7. Under that plan, he was annually "granted the right . . . to gain interest in certain quantities of 'Restricted Stock' in Wal-Mart. . . ." *Id.* ¶ 8. He avers that, during the course of an employee's continued employment with Wal-Mart, an employee's interest in Restricted Stock would vest "on a particular date in the future." *Id.*

Plaintiff alleges that, during the course of his employment, he was granted rights to 1,747 shares of Restricted Stock in Wal-Mart. *Id.* ¶ 10. Moreover, he claims that, as a term of his compensation, and in addition to his annual salary, he "was to receive the right" to 460 shares of Wal-Mart Restricted Stock, pursuant to Wal-Mart's Stock Incentive Plan of 2005. *Id.* ¶ 9. Of that sum, 230 shares of Restricted Stock were to vest on April 4, 2011, and another 230 shares were to vest on April 4, 2013. *Id.* And, once vesting occurs, the stock is not subject to forfeiture. *Id.* ¶ 12.

---

[2] Given the posture of the case, and as discussed, *infra*, I must accept the truth of plaintiff's allegations.

On September 27, 2011, plaintiff's employment was terminated, allegedly because of his "inability to perform job." *Id.* ¶ 14.  At the time of his termination, plaintiff was 62 years of age. *Id.* ¶ 20.  According to plaintiff, "the true motive [for his termination] was age discrimination." *Id.* ¶ 15.[3]

In his suit, plaintiff claims that defendant has wrongfully failed to deliver the Restricted Stock after plaintiff's interest had vested, and thus defendant "breached the terms of its employment agreement. . . ."  *Id.* ¶ 19.  In particular, plaintiff asserts that he has not received 1,747 shares of Restricted Stock.  *Id.* ¶ 21.  As to any stock interest that had not yet vested at the time of his termination, plaintiff alleges that "the whole would have vested completely but for the breach of a duty of good faith and fair dealings on the part of Wal-Mart."  *Id.* ¶ 21.  In other words, he claims that vesting "was frustrated and interfered with by the Defendant terminating Plaintiff's employment allegedly in bad faith."  ECF 15 at 2.

Relying on the Stock Incentive Plan of 2010, attached to the Motion as an exhibit, ECF 12-3, defendant asserts, *inter alia*, that The Stock Incentive Plan "clearly and unambiguously provides for the forfeiture of any Stock held upon termination of employment . . . ."  ECF 12-1 at 2; *see also id.* at 6.  In addition, Wal-Mart argues that plaintiff cannot maintain a claim for breach of contract or breach of the covenant of good faith and fair dealing, because he was an at-will employee.  ECF 12-1 at 7.  Thus, defendant argues that plaintiff's claims are subject to dismissal.

## II.  Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the adequacy of a complaint. *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).  To survive a Rule 12(b)(6) motion, a

---

[3] Plaintiff has not brought a direct claim for age discrimination.

3

complaint must satisfy the pleading standard articulated in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

To defeat a motion under Rule 12(b)(6), a complaint "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Mis*s., ____ U.S. ____, 135 S. Ct. 346, 347 (2014); *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *Twombly*, 550 U.S. at 570; *see also Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011). The complaint must contain sufficient factual detail to "nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *accord Iqbal,* 556 U.S. at 680.

Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief . . . .'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must it accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010).

Notably, courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies … if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Richmond*, 4 F.3d at 250) (emphasis added in *Goodman*).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557

5

(4th Cir. 2013); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic.'"  *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'"  *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).  Defendant cites *Drubetskoy v. Wells Fargo Bank, N.A.,* Case CCB-13-2196, 2013 WL 6839508 (D. Md. Dec. 20, 2013), for the proposition that this Court may consider a compensation plan attached to a motion to dismiss if the plan formed the basis of the plaintiff's claims.  ECF 12-1 at 5.

A federal court sitting in diversity must apply the law of the forum state in which the court is located, including the forum state's choice-of-law rules, unless a compelling federal interest directs otherwise.  *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007).  The parties have not addressed choice of law in this diversity action.

Because the parties seemed to assume that Maryland law applies, and have not identified a state law conflict, I will apply Maryland law.  As to contract claims, Maryland applies the law of the State in which the contract was formed ("*lex loci contractus*"), unless the parties to the contract agreed to be bound by the law of another state.  *See*, *e.g.*, *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995).

6

### III.   Discussion

Plaintiff contends that his allegations apply to two different categories of stock:  shares of Restricted Stock that have vested, and shares of Restricted Stock that were granted to plaintiff, but which did not vest due to defendant's unlawful interference with defendant's ability to perform.  ECF 15 at 1-2.  Lafranchise observes that the Motion does not address the vested Restricted Stock that defendant wrongfully failed to deliver.  *Id.* at 2.  Further, as to any stock that had not yet vested, plaintiff claims that "imposition of forfeiture [is] unconscionable" here, given defendant's bad faith.  *Id.*  And, he claims that his "at-will" employment status was "altered" by the terms of the Stock Incentive Plan.  *Id.*  In its reply, Wal-Mart asserts, *inter alia*: "Under Maryland law, a duty of good faith and fair dealing is not implied in an at-will employment relationship."  ECF 16 at 6.

A contract in Maryland gives rise to an implied duty of good faith and fair dealing. *Blondell v. Littlepage*, 413 Md. 96, 113, 991 A.2d 80, 90 (2010).  As the Maryland Court of Appeals said in *Food Stores, Inc. v. Blumberg*, 234 Md. 521, 534, 200 A.2d 166, 173 (1964): "[I]n every contract there exists an implied covenant that each of the parties thereto will act in good faith and deal fairly with the others."

Even if plaintiff was an employee at will, the allegations suggest that the Stock Incentive Plan is a contract.  Therefore, it would be subject to the principles that govern contracts generally.

Moreover, it is noteworthy that the parties seem to rely on different stock incentive plans as operative.  In particular, defendant cites the 2010 plan, and has attached it as an exhibit.  *See* ECF 12-1 at 2; ECF 12-3 (Stock Incentive Plan of 2010).  Yet, plaintiff cites the Stock Incentive

Plan of 2005. *See* ECF 1 ¶ 9. In the context of a motion to dismiss, I cannot determine which plan is operative at which points in time.

In addition, plaintiff alleges that his termination was illegal because it was motivated by age discrimination, and that this unlawful conduct deprived him of the benefits of the Stock Incentive Plan. Even when the terms of employment are at will, so that employment is terminable without cause, termination is subject to limitations. For example, it is well settled in Maryland that an at-will employee may pursue a claim for wrongful discharge if the termination violates a "clear mandate of public policy . . . ." *Adler v. American Standard Corp.*, 291 Md. 31, 47,432 A.2d 464 (1981); *Samuels v. Tschechtelin* 135 Md. App. 483, 526, 763 A.2d 209, 232 (2000). Employment discrimination based on gender would, for example, violate a clear mandate of public policy. *See*, *e.g.*, *Molesworth v. Brandon*, 341 Md. 621, 672 A.2d, 608 (1996). It would seem that the same rationale would apply to age discrimination. In any event, the issue has not yet been addressed by the parties.

I am persuaded that plaintiff is entitled to an opportunity to develop a factual record before the court addresses the issues raised by the defendant in its Motion. Therefore, I will DENY defendant's Motion.

An Order follows.


Date:   May 12, 2015                        _____/s/_____
                                            Ellen L. Hollander
                                            United States District Judge